# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORY M. WELCH,

                Plaintiff,

v.

AMBER DAVIS,

                Defendant.

Case No. 23-CV-266-JPS

**ORDER**

Plaintiff Cory M. Welch, an inmate confined at Fox Lake Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant violated his constitutional rights. ECF No. 1. Plaintiff paid the filing fee in full on March 7, 2023. Pending before the Court are Plaintiff's motion for default judgment, ECF No. 6, motion to serve defendant, ECF No. 7, and motion to screen the complaint, ECF No. 8. The Court will deny Plaintiff's motions as moot because Defendant has yet to be served and the remainder of this Order screens Plaintiff's complaint.

**1.    SCREENING THE COMPLAINT**

    **1.1    Federal Screening Standard**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff names Defendant Davis ("Davis"), the former BOCM Administrator at the Fox Lake Correctional Institution, as the sole defendant in the case. ECF No. 1 at 2. Plaintiff seeks injunctive relief against the Wisconsin Department of Corrections Sector Chief to order Davis to refrain from applying its annual estoppel of Plaintiff's earned release. *Id.*

Plaintiff was initially charged with various crimes on July 27, 2004, and was convicted on all counts charged. *Id.* at 3. On November 28, 2005, Plaintiff was charged with additional counts and was convicted on eight out of twelve counts. *Id.* Plaintiff was sentenced to a total of forty-four years in prison, bifurcated by twenty-six years confinement and eighteen years supervision. *Id.* As such, the Court granted an early release program eligibility date after Plaintiff had served nineteen and one-half-years in confinement. *Id.*

In 2008, Act 38 retroactively repealed and superseded the 2009 Act 28 and modified the procedures of the earned release program. *Id.* After Plaintiff served fourteen years in confinement, the COCM began taking a closer look at the underlying program by monitoring Plaintiff's suitability. *Id.* at 4. On August 9, 2018, the BOCM began an annual review and disposition by assessing and documenting Plaintiff's eligibility date for entry into the early release program. *Id.* Plaintiff's contingent eligibility date to begin his early release program is the month of January 2024. *Id.* Since 2018, the BOCM Committee has denied Plaintiff participation in the program every year. *Id.* The basis for the committee's denial every year has noted Plaintiff's non-substance abuse treatment need under the procedures of Act 38. *Id.* Plaintiff maintains that applying Act 38 to him retroactively has excluded him from the early release program and creates a significant risk of increasing Plaintiff's punishment. *Id.*

Plaintiff describes that under Wisconsin's 1999 "Truth in Sentencing law," inmates were generally required to serve the entire length of their sentences. *Id.* at 5. The early release program and the challenge incarceration programs were the only two release programs that allowed for release automatically after completion of either program. *Id.* If Plaintiff

Page 3 of 10
Case 2:23-cv-00266-JPS   Filed 08/21/23   Page 3 of 10   Document 11

completed the four-to-six-month program, he would be guaranteed release from confinement according to the law. *Id.*

Since 2018, the BOCM Committee has outlined Plaintiff's conduct in prison as being good, maintained employment, and that he has a low likelihood of recidivism. *Id.* On November 2, 2022, Plaintiff forwarded a written interview/information request form to Davis requesting participation in the earned release program under Act 28. *Id.* On November 4, 2022, Davis replied to the request by merely stating, "Noted." *Id.*

Plaintiff maintains that Wisconsin's Substance Abuse Program retroactively increased Plaintiff's punishment. *Id.* at 5–6. Instead of serving nineteen-and-a-half years in confinement, he will now serve the twenty-six-year confinement portion of his sentence in its totality. *Id.* at 6. After serving four years in prison, "earned release reforms inaugurated" and were passed in 2009 that created several new earned release mechanisms. *Id.* In order for inmates to take advantage of these programs, the judge must declare the offender eligible at sentencing. *Id.* The early release program was originally a residential drug treatment program, but it was temporarily expanded to apply to those without drug treatment needs. *Id.* This 2009 provision instantaneously made Plaintiff suitable for the program because it did not require a substance abuse treatment need. *Id.* The Act 38 legislation reversed those changes and changed the name from "Wisconsin Earned Release Program" to "Wisconsin Substance Abuse Program" and modified Wis. Stat. § 302.05. *Id.*

On November 2, 2022, Plaintiff wrote to Davis to request the earned release program under Act 28, the repealed 2009 provision when he was convicted and sentenced. *Id.* at 7. On November 4, 2022, Plaintiff received a response from Davis that merely stated, "Noted." *Id.* Plaintiff wrote to

Davis again on November 8, 2022, to request participation in the early release program. *Id.* Davis denied Plaintiff's request, stating, "There is not nor has there ever been a non-substance use disorder treatment version of erp available." *Id.*

On December 27, 2022, Plaintiff wrote Ms. Julie Dahm at the Records department to request a copy of the 2009-10 DAI policy. *Id.* On January 4, 2023, Dahm replied to the request and stated, "There was no DAI policy in 2009-10 for any Act 28." *Id.* at 8. Plaintiff again submitted a request to Davis to participate in the early release program under Act 28. *Id.* Davis replied, "asked and answered." *Id.* On January 5, 2023, Plaintiff filled out form DOC 1292, Administrative Review of Classification and Movement. *Id.* On January 17, 2023, Ms. Sandra Deyoung denied Plaintiff's request for the earned release program under Act 28. *Id.*

### 1.3  Analysis

First, the Court finds that Plaintiff fails to state a due process claim for the denial of entry into the early release program. The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." To state a viable due process claim, Plaintiff must allege that he was deprived of life, liberty, or property. *Beley v. City of Chicago*, 901 F.3d 823, 826 (7th Cir. 2018). "But due process is required only when state action 'will inevitably affect the duration of [a prisoner's] sentence,'" *Long v. Wondra*, 553 F. App'x 637, 638 (7th Cir. 2014) (quoting *Sandin v. Conner*, 515 U.S. 472, 487 (1995). As other courts have explained, "inevitability" is a strong word. *See, e.g., Id.* (finding no liberty interest in early release after completion of substance abuse program, even though plaintiff alleged he had completed 17 weeks of the 26-week

program); *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("[T]he successful completion of a program is not inevitable.").

Here, even if Plaintiff entered in the early release program, he might not have performed all of its requirements. Plaintiff has failed to allege facts that would allow the Court to infer that he would have inevitably completed his early release program and gained early release. The denial of the opportunity for Plaintiff to enter the early release program thus did not inevitably affect the duration of his sentence. As such, the Court finds that Plaintiff fails to state a due process claim.

Second, the Court finds that Plaintiff fails to state a claim for a violation of the *ex post facto* clause. "The Constitution prohibits both federal and state governments from enacting any '*ex post facto* Law.'" *Peugh v. United States*, 569 U.S. 530, 538 (2013) (citing Art. 1, § 9, cl. 3; Art. 1, § 10)). "The phrase "'*ex post facto* law' was a term of art with an established meaning at the time of the framing." *Id.* (quoting *Collins v. Youngblood*, 497 U.S. 37, 41 (1990)). Any law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed," violates the *ex post facto* clause. *Id.* "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981).

Here, Plaintiff claims that Davis's application of the 2011 Act 38, repealing the 2009 Act 28 early release provisions, violates the *ex post facto* clause. In order to better understand Plaintiff's allegations, the Court finds that a brief overview of the Wisconsin laws at issue is necessary. Wisconsin's sentencing system changed numerous times during the time

period relevant to Plaintiff's complaint. *See* Jesse J. Norris, The Earned Release Revolution: Early Assessments and State-Level Strategies, 95 Marq. L. Rev. 1551, 1564 (2012) (describing the five distinct sentencing systems within twelve years).

In 2003, Wisconsin established a DOC-administered substance abuse treatment program known as the earned release program. *See The Pendulum Swings: No More Early Release*, Brennan, Michael B., Wisconsin Lawyer Magazine, Vol. 84, No. 9 (September 2011) (citing 2003 Wis. Act 33; Wis. Stat. § 302.05(3)(e); *State v. Johnson*, 2007 WI App 41, ¶ 14, 730 N.W.2d 661). An inmate serving the confinement portion of a bifurcated sentence who successfully completed the program had the remaining confinement period on the inmate's sentence converted to extended supervision (citing *State v. Owens*, 2006 WI App 75, ¶ 5, 713 N.W.2d 187). In 2009, Act 28 "expanded the earned release program from a substance abuse treatment program to a 'rehabilitation' program." *Id.* The 2011 Act 38, effective August 3, 2011, eliminated or altered many of the Act 28 changes. *Id.* As relevant here, Act 38 repealed the expansion of the earned release program and focused the program on treating eligible inmates with substance-abuse problems. *Id.* (citing Wis. Stat. § 302.05(1)(am)).

Plaintiff essentially argues that Act 38 violates the *ex post facto* clause because it denies him the benefits—access to the early release program—that the 2009 Act 28 provided. Under the 2009 version of the law, Plaintiff would have been eligible for the early release program whereas under the 2011 version of earned release program, he is not eligible. Plaintiff maintains that this change in the law is causing him to serve the entire twenty-six-year period of initial confinement as opposed to becoming eligible for the earned release program after only serving nineteen and one-

half years of initial confinement. Although Plaintiff's allegations potentially raise an *ex post facto* concern, there is one fatal problem with his claim. Plaintiff committed his crimes in 2004 and he was sentenced in 2005, several years *before* the enactment of the 2009 Act 28. The law in place when Plaintiff committed his crimes therefore would not have provided him entry into the early release program. As such, the Court finds that that Plaintiff's allegations do not state a claim for a violation of the *ex post facto* clause.

Although the Court finds it unlikely that Plaintiff will successfully be able to amend his complaint, it will allow Plaintiff the opportunity to file an amended complaint on or before **September 11, 2023.** When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his/her rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

2. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment, ECF No. 6, motion to serve the defendant, ECF No. 7, and motion to screen the complaint, ECF No. 8, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **September 11, 2023**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g); and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.