# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORY M. WELCH,

        Plaintiff,

v.

AMBER DAVIS, LAURA DALEY, SARA KOERNER, ESTHER POLLNOW, and GABRIEL UMENTUM,

        Defendants.

Case No. 23-CV-266-JPS

**ORDER**

        Plaintiff Cory M. Welch, an inmate confined at Fox Lake Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On August 21, 2023, the Court screened Plaintiff's complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 11. This Order screens Plaintiff's amended complaint, ECF No. 14, and denies his motion to order service, ECF No. 15, as moot.

1. **SCREENING THE AMENDED COMPLAINT**

    1.1    **Federal Screening Standard**

        Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff brings this action to compel Defendants to refrain from applying its annual procedural rule to deny Plaintiff's opportunity to participate in the Early Release Program ("ERP"). ECF No. 14 at 2. Defendant Amber Davis ("Davis") denied Plaintiff's request for ERP on November 4, 2022, on December 12, 2022, and on January 3, 2023. *Id.* at 3.

Davis stated, "There is not nor has there ever been a non-substance use disorder treatment version of ERP available." *Id.* On August 1, 2023, the PRC committee, consisting of Defendant Laura Daley ("Daley"), Gabriel Umentum ("Umentum"), Esther Pollnow ("Pollnow"), and Sara Koerner ("Koerner"), heard and mutually participated in the decision for program assignment. *Id.* Plaintiff was present during the hearing and these defendants collectively denied his request for ERP. *Id.*

Plaintiff was denied access to the ERP program even though he was to be eligible after serving nineteen-and-a-half year's initial confinement—allowing him to start in January 2024. *Id.* at 6. Plaintiff alleges that Defendants never inquired as to whether Plaintiff had or has any substance abuse treatment issues. *Id.* Defendants never requested for Plaintiff to be assessed or evaluated for substance abuse treatment issues. *Id.* Plaintiff states he has a high likelihood of completing the early release program because he has an extensive history of program completion. *Id.* at 7. Plaintiff maintains that denial of entry into the ERP program will inevitably affect the duration of his sentence and deprive him of a liberty interest. *Id.* Plaintiff states he is eligible under both Act 28's version for those without substance abuse issues and Act 38's version for those with substance abuse issues. *Id.* at 8.

In 2016, Plaintiff discussed alcohol issues with his social worker, Jeremy Day, and about how alcohol contributed to committing Plaintiff's crimes. *Id.* Plaintiff also spoke with Doctor Richardson Paye about Plaintiff's issue with drug use on October 22, 2021. *Id.* Plaintiff maintains that Defendants acted in an arbitrary and unfair manner by preventing him from obtaining treatment and entry into the ERP. *Id.* at 9. Defendants'

actions will cause him to serve the entire twenty-six-year sentence despite being eligible for ERP after nineteen-and-a-half years of confinement.

### 1.3 Analysis

First, the Court finds that Plaintiff fails to state a due process claim for the denial of entry into the early release program. The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." To state a viable due process claim, Plaintiff must allege that he was deprived of life, liberty, or property. *Beley v. City of Chicago*, 901 F.3d 823, 826 (7th Cir. 2018). "But due process is required only when state action 'will inevitably affect the duration of [a prisoner's] sentence,'" *Long v. Wondra*, 553 F. App'x 637, 638 (7th Cir. 2014) (quoting *Sandin v. Conner,* 515 U.S. 472, 487 (1995)). As other courts have explained, "inevitability" is a strong word. *See*, *e.g.*, *Id.* (finding no liberty interest in early release after completion of substance abuse program, even though plaintiff alleged he had completed 17 weeks of the 26-week program); *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("[T]he successful completion of a program is not inevitable.").

Here, even if Plaintiff entered the early release program, he might not have performed all of its requirements. Plaintiff has failed to allege facts that would allow the Court to infer that he would have inevitably completed his early release program and gained early release. Plaintiff does allege a history of other program completion in the amended complaint; however, this history does not equate to inevitably completing this program. The denial of the opportunity for Plaintiff to enter the early release program thus did not inevitably affect the duration of his sentence. As such, the Court finds that Plaintiff fails to state a due process claim.

Second, the Court finds that Plaintiff fails to state a claim for a violation of the *ex post facto* clause. Although Plaintiff has seemingly dropped his *ex post facto* argument in the amended complaint, the Court briefly addresses the issue to be thorough. "The Constitution prohibits both federal and state governments from enacting any '*ex post facto* Law.'" *Peugh v. United States*, 569 U.S. 530, 538 (2013) (citing Art. 1, § 9, cl. 3; Art. 1, § 10)). "The phrase "'*ex post facto* law' was a term of art with an established meaning at the time of the framing." *Id.* (quoting *Collins v. Youngblood*, 497 U.S. 37, 41 (1990)). Any law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed," violates the *ex post facto* clause. *Id.* "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981).

Here, Plaintiff may be claiming that Defendants' application of the 2011 Act 38, repealing the 2009 Act 28 early release provisions, violates the *ex post facto* clause. In order to better understand Plaintiff's allegations, the Court finds that a brief overview of the Wisconsin laws at issue is necessary. Wisconsin's sentencing system changed numerous times during the time period relevant to Plaintiff's complaint. *See* Jesse J. Norris, The Earned Release Revolution: Early Assessments and State-Level Strategies, 95 Marq. L. Rev. 1551, 1564 (2012) (describing the five distinct sentencing systems within twelve years).

In 2003, Wisconsin established a DOC-administered substance abuse treatment program known as the earned release program. *See The Pendulum Swings: No More Early Release*, Brennan, Michael B., Wisconsin Lawyer

Magazine, Vol. 84, No. 9 (September 2011) (citing 2003 Wis. Act 33; Wis. Stat. § 302.05(3)(e); *State v. Johnson*, 2007 WI App 41, ¶ 14, 730 N.W.2d 661). An inmate serving the confinement portion of a bifurcated sentence who successfully completed the program had the remaining confinement period on the inmate's sentence converted to extended supervision (citing *State v. Owens*, 2006 WI App 75, ¶ 5, 713 N.W.2d 187). In 2009, Act 28 "expanded the earned release program from a substance abuse treatment program to a 'rehabilitation' program." *Id.* The 2011 Act 38, effective August 3, 2011, eliminated or altered many of the Act 28 changes. *Id.* As relevant here, Act 38 repealed the expansion of the earned release program and focused the program on treating eligible inmates with substance-abuse problems. *Id.* (citing Wis. Stat. § 302.05(1)(am)).

Plaintiff essentially argues that Act 38 violates the *ex post facto* clause because it denies him the benefits—access to the early release program—that the 2009 Act 28 provided. Under the 2009 version of the law, Plaintiff would have been eligible for the early release program whereas under the 2011 version of earned release program, he is not eligible. Plaintiff maintains that this change in the law is causing him to serve the entire twenty-six-year period of initial confinement as opposed to becoming eligible for the earned release program after only serving nineteen and one-half years of initial confinement. Although Plaintiff's allegations potentially raise an *ex post facto* concern, there is one fatal problem with his claim. Plaintiff committed his crimes in 2004 and he was sentenced in 2005, several years *before* the enactment of the 2009 Act 28. The law in place when Plaintiff committed his crimes therefore would not have provided him entry into the early release program. As such, the Court finds that that Plaintiff's allegations do not state a claim for a violation of the *ex post facto* clause.

## 2. CONCLUSION

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. The Court has allowed Plaintiff the opportunity to amend his complaint and has provided guidance as to how Plaintiff may successfully do so. As such, the Court finds that further amendment would be futile, and the Court will accordingly dismiss this action for Plaintiff's failure to state a claim.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that Plaintiff's motion to order service, ECF No. 15, be and the same is hereby **DENIED as moot**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of October, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.